UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD CHANDLER,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT FRAUENHEIM,<br><br>    Respondent. | Case No. 17-cv-00325-EMC<br><br>**ORDER TO SHOW CAUSE**<br><br>Docket No. 1 |

## I. INTRODUCTION

Craig Richard Chandler, an inmate at the Pleasant Valley State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II. BACKGROUND

The petition and attachments thereto provide the following information. Mr. Chandler was convicted in Santa Clara County Superior Court of five counts of committing a lewd or lascivious act on a child under the age of 14 years. On November 22, 2013, he was sentenced to five consecutive terms of 15 years to life in prison.

Mr. Chandler appealed. The California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review in 2016. Mr. Chandler apparently did not file any petitions for writ of habeas corpus in the state courts before filing this action.

## III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Mr. Chandler alleges the following claims in his federal petition for writ of habeas corpus: (1) he was deprived of his Sixth Amendment right to *effective* assistance of counsel when trial counsel failed to adequately cross-examine a witness; (2) he was denied his Sixth Amendment right to the assistance of counsel; (3) prosecutorial misconduct during closing argument deprived Mr. Chandler of his right to due process; (4) his federal constitutional rights to present a defense and to due process were violated by the exclusion of evidence of his "explanation after allowing the prosecution to introduce evidence that the principal warned him not to blindfold and be alone with students with the door closed," Docket No. 1 at 28; and by the exclusion of the principal's typewritten notes, *id.* at 51; (5) the trial court's refusal to allow the defense to introduce pork rinds as an exhibit violated his Sixth Amendment right to confront and cross-examine a witness; (6) the admission of evidence that Mr. Chandler "previously offered to massage and photograph a female adult teacher's feet," violated his Fourteenth Amendment right to due process, *Id.* at 40; and (7) the cumulative effect of the foregoing errors supports federal habeas relief. Liberally construed, these claims are cognizable in a federal habeas proceeding.

## IV. <u>CONCLUSION</u>

For the foregoing reasons,

1. The petition states cognizable claims for federal habeas relief and warrants a response.

2. The Clerk shall serve a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2

3. Respondent must file and serve upon Petitioner, on or before **August 25, 2017**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of any court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse and serving it on Respondent on or before **September 22, 2017**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: June 16, 2017

_____
EDWARD M. CHEN
United States District Judge