UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD CHANDLER,<br><br>Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM,<br><br>Respondent. | Case No. 17-cv-00325-EMC<br><br>**ORDER DENYING RESPONDENT'S MOTION TO SEAL DOCUMENTS**<br><br>Docket No. 10 |

Petitioner filed this action for a writ of habeas corpus to challenge his 2013 conviction of five counts of committing a lewd or lascivious act on a child under the age of 14 years. The victims were five students at an elementary school at which Petitioner was a teacher. Respondent recently filed an answer to the petition, and Petitioner's traverse is due on December 1, 2017. This matter is now before the Court for consideration of Respondent's motion to file five documents under seal.

Respondent wishes to have filed under seal (a) 200+ pages of transcripts of the video-recorded interviews the police conducted with the five victims, and (b) a two-page letter from Petitioner's mother to the superior court that was attached as an exhibit to the probation officer's report. Respondent represents that the interview transcripts were filed under seal in the superior court and that the letter from Petitioner's mother was attached to the probation officer's report. Respondent urges that "California Rules of Court 8.45 - 8.47 require that personal information in a probation report is now confidential. *See People v. Connor*, 118 Cal. App. 4th 669 (2004)." Docket No. 10 at 1. (The volume and page citation for the *People v. Connor* case were incorrectly cited in the motion.) He therefore concludes that, pursuant to California Rule of Court and this court's local rules, the materials should be filed under seal. *Id.* at 1-2.

There are several problems with Respondent's apparently hastily-crafted motion. First, the California Rules of Court do not govern the conduct of proceedings in a federal court. *See generally* Cal. Rule of Court 8.4; Fed. R. Civ. P. 1. The fact that a document might be treated as confidential under a California Rule of Court is not controlling in this Court. Respondent must make a showing that satisfies the demanding standard for sealing a document in federal court. There is a strong presumption favoring the public's right of access to court records which should be overridden only for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). "Counseling against such access would be the likelihood of an improper use, 'including publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights.'" *Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986) (citation omitted). The Court may order a document filed under seal "upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable'). The request must be narrowly tailored to seek sealing only of sealable material." N. D. Cal. Local Rule 79-5(b). Respondent has provided no authority that states documents sealed or deemed confidential in California courts are automatically sealable under applicable standards here in this Court.

Second, each of the five victims testified at the trial, and their trial testimony is included in the unsealed record. *See* RT 561 (Luisana Doe); RT 605 (Isabella Doe); RT 800 (Laurie Doe); RT 987 (Arlet); and RT 1074 (Wendy). The California Court of Appeal's publicly-available opinion describes the basic facts of the crimes against each of those victims (albeit with the use of Jane Doe designations for the victims). Respondent has not identified what in the 200+ pages of transcripts reveals private or identifying information not already in the public record. The letter, written by a mother in support of her son for consideration in his sentencing, does not appear to contain any particularly sensitive information.

For the foregoing reasons, the Court finds that Respondent has not in this filing overcome the presumption favoring public access to court records. Accordingly, the motion to file the interview transcripts and letter under seal is **DENIED**. (Docket No. 10.) The denial of this

1 motion is without prejudice to Respondent filing a new motion that demonstrates that the records 2 should be filed under seal in accord with the demanding standards of Local Rule 79-5(d) and 3 applicable federal case law.

4 If Respondent renews his motion to file the documents under seal, in addition to making 5 the showing necessary to overcome the general presumption of public access to Court records, he 6 also should (a) identify the claims in the petition that require consideration of the contents of the 7 documents sought to be sealed; (b) clarify whether the documents are being provided to Petitioner 8 or whether he wants them not to be available to Petitioner; and (c) consider whether only portions 9 of the transcripts may need to be sealed (or redacted) and, if so, limit his sealing request to those 10 specific portions. The transcripts and the letter will not be considered by this Court in ruling on 11 the petition for writ of habeas corpus unless Respondent files another copy in the public record, or 12 files a successful renewed motion to seal those documents.

**IT IS SO ORDERED**.

Dated: October 27, 2017

_____
EDWARD M. CHEN
United States District Judge